# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-GSA PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 21.) |
| Defendants. | |

**I.  BACKGROUND**

Plaintiff Howard Young ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 2, 2007. (Doc. 1.) On August 15, 2007, plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6.) On January 21, 2009, this case was reassigned to the undersigned to conduct any and all proceedings in the case. (Doc. 16.) On August 31, 2008, plaintiff filed an amended complaint. (Doc. 9.) The court screened the amended complaint pursuant to 28 U.S.C. § 1915A and issued an order on March 5, 2009, giving plaintiff the choice of either filing a second amended complaint or notifying the court that he wishes to proceed on the claims found cognizable by the court. (Doc. 19.) On April 1, 2009, plaintiff filed a motion for preliminary injunctive relief, which is now before the court. (Doc. 21.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

## III. DISCUSSION

Plaintiff seeks an order preventing his involuntary transfer from Corcoran State Prison while this action is pending before the court. Plaintiff alleges that he was informed on March 18, 2009 that he is subject to an involuntary transfer to Centinela and/or Calipatria State Prison. Without offering evidence, plaintiff contends that such transfer should be deemed an adverse action in retaliation for him filing this § 1983 action, for filing 602 appeals, and/or for filing a habeas corpus action which is pending in superior court.

1 | Plaintiff proceeds in this action against defendants for the removal of plaintiff from his cell and confiscation of his personal property, without justification and in retaliation for plaintiff filing a 602 prisoner grievance. (Doc. 1.) As relief, plaintiff seeks money damages and an order to prohibit the confiscation of a prisoner's personal property unless that property is being misused by the prisoner.

The court does not have jurisdiction in this action to issue the order sought by plaintiff in his motion for preliminary injunctive relief. Because an order prohibiting plaintiff's transfer to another prison would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff, and therefore the motion for injunctive relief must be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunctive relief, filed April 1, 2009, is DENIED.

IT IS SO ORDERED.

Dated:  **April 2, 2009**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE