# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AND SANCTIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Docs. 27, 30, 32, 37, 38.) |
| Defendants. | |

## I.    PROCEDURAL HISTORY

Plaintiff, Howard Young ("plaintiff"), is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 2, 2007. (Doc. 1.) On August 15, 2007, plaintiff consented to Magistrate Judge jurisdiction, and no other parties have appeared in this action. (Doc. 6.) On August 31, 2009, plaintiff filed the first amended complaint. (Doc. 9.)

On May 4, 2009, plaintiff filed a motion for the court to prevent his transfer from Corcoran State Prison, or in the alternative, to prevent his transfer outside the Eastern District, while this action is pending at this court. (Doc. 27.) On June 3, 2009, plaintiff filed a motion for appointment of counsel, or in the alternative, for the return of his property and adequate access to the law library.

1  (Doc. 30.) On June 11, 2009, the court issued an order denying appointment of counsel. (Doc. 31.)
2  On June 11, 2009, plaintiff filed a motion for the court to order prison officials to return his legal
3  property, provide him access to the law library, comply with due process in Ad-Seg placement
4  hearings, respond to plaintiff's prison appeals and requests for interviews, serve plaintiff a religious
5  diet, and cease any further violations of plaintiff's rights. (Doc. 32.) Plaintiff also requested the
6  court to conduct an investigation and impose sanctions on prison officials for violation of his rights.
7  Id. On July 27, 2009, plaintiff filed a motion for a court order directing the Warden to return his
8  property within ten days. (Doc. 37.) On July 30, 2009, plaintiff filed a motion for the court to
9  impose sanctions on the California Department of Corrections and Rehabilitation for holding his
10 personal property and violating his rights to access the courts, his state-conferred rights, and his
11 rights to practice his religion. (Doc. 38.) Plaintiff also renewed his request for a court investigation.
12 Id. Plaintiff's motions are now before the court.

13 **II.    INJUNCTIVE RELIEF**

14       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities
15 so heavily favors the moving party that justice requires the court to intervene to secure the positions
16 until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.
17 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)
18 a combination of probable success and the possibility of irreparable harm, or (2) that serious
19 questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
20 Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
21 demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
22 plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
23 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
24 Id.

25       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
26 have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
27 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454
28 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the

court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

On March 5, 2009, the court dismissed all of plaintiff's claims from the first amended complaint except the claim against defendant C/O Barron for retaliation. (Doc. 19.) Plaintiff was given leave to either file a second amended complaint, or in the alternative, to notify the court of his willingness to proceed only on the retaliation claim, within thirty days. Id. Plaintiff has requested, and the court has granted, multiple extensions of time to comply with the court's order; however, to date plaintiff has not filed a second amended complaint or notified the court of his willingness to proceed only on the retaliation claim. Plaintiff now requests court orders preventing his transfer, directing prison officials to return his legal property, provide him access to the law library, comply with due process in Ad-Seg placement hearings, respond to plaintiff's prison appeals and requests for interviews, serve him a religious diet, and cease any further violations of plaintiff's rights. He also requests the court to conduct an investigation and impose sanctions.

At this juncture, the court does not have jurisdiction over any of the defendants in this action. Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1984). Moreover, the order requested by plaintiff would not remedy the only claim presently found cognizable by the court, the retaliation claim against C/O Barron in the first amended complaint. In addition, plaintiff's motion to prevent his transfer is moot in light of the fact that he has been transferred to Calipatria State Prison, located in the Southern District of California. Therefore, the court lacks jurisdiction to issue any of the orders sought by plaintiff, and plaintiff's motions for injunctive relief, including sanctions, must be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motions for injunctive relief, including sanctions, filed May 4, 2009, June 3, 2009, June 11, 2009, July 7, 2009, and July 30, 2009, are DENIED.


IT IS SO ORDERED.

**Dated:   August 17, 2009**                /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE