**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO JURISDICTION OF MAGISTRATE JUDGE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc 51.) |
| | ORDER FOR CLERK TO ASSIGN THIS CASE TO MAGISTRATE JUDGE GARY S. AUSTIN |
| Defendants. | |

**I.  RELEVANT PROCEDURAL HISTORY**

Plaintiff, Howard Young ("Plaintiff"), is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 2, 2007. (Doc. 1.) On August 15, 2007, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the Magistrate Judge conducted any and all proceedings in the case until such time as reassignment to a District Judge was required. Local Rule Appendix A(k)(3). On August 31, 2007, Plaintiff filed an amended complaint. (Doc. 9.) The court screened Plaintiff's amended complaint pursuant to 28 U.S.C. 1997 and on March 5, 2009, issued an order requiring Plaintiff to either file a second amended complaint or notify the court that he was willing to proceed with the claim found

cognizable by the court. (Doc. 19.) On August 31, 2009, Plaintiff filed a second amended complaint, upon which this case now proceeds. (Doc. 42.)

On May 17, 2010, Plaintiff filed a motion to withdraw his consent to the jurisdiction of a Magistrate Judge, and requested that a District Judge be assigned to this action. (Doc. 51.) Plaintiff's motion is now before the court.

**II.    CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE**

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). This right can be waived, allowing parties to consent to trial before a magistrate judge. Dixon, 990 F.2d at 479-480; Pacemaker, 725 F.2d at 542; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court[1], and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon, 990 F.2d at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed.R.Civ.P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon, 990 F.2d at 480.

Plaintiff requests withdrawal of his consent on the ground that his case has not proceeded past the initial stages, even though the court found the complaint states a cognizable claim for retaliation. A review of the record shows that the court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. 1997 and found that it stated only one cognizable claim, for retaliation. On March 5, 2009, the court issued an order requiring Plaintiff to either file a second amended complaint or notify the court that he was willing to proceed with the one claim found cognizable by the court, within thirty days. (Doc. 19.) On March 18, 2009, Plaintiff objected to the court's order and refused to waive any of his claims. (Doc. 20.) Plaintiff also failed to comply with the court's order before the thirty-day time period expired. On April 24, 2009, the court ordered Plaintiff to

---

[1] For this reason, the undersigned United States District Judge was assigned to this action for resolution of Plaintiff's motion to withdraw consent.

1  comply with the court's order or suffer dismissal of the action in its entirety. (Doc. 26.) On May 4,
2  2009, Plaintiff again objected to the court's March 5, 2009 order, again refusing to waive any of his
3  claims. (Doc. 27.) On June 12, 2009, the court again ordered Plaintiff to comply with the court's
4  order or suffer dismissal of the entire action without further notice. (Doc. 33.) Plaintiff then
5  requested and was granted two extensions of time before filing a second amended complaint on
6  August 31, 2009. (Docs. 35, 36, 39, 40, 42.) During this same time period, the court also resolved
7  Plaintiff's five motions for preliminary injunction and for sanctions. (Docs. 27, 30, 32, 37, 38, 41.)
8  At this juncture, the second amended complaint has been scheduled by the court for mandatory
9  screening.

   Plaintiff has not presented evidence of "extraordinary circumstances," and the court does not find good cause at this time to vacate the reference to a Magistrate Judge. Based on the record in this action, Plaintiff's case has not been substantially delayed. Moreover, the assignment of a District Judge to this action may not accomplish Plaintiff's objective in bringing the instant motion; such assignment does not remove the role of the Magistrate Judge in non-dispositive matters. Therefore, Plaintiff's motion shall be denied.

### III. CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw his consent to the jurisdiction of a Magistrate Judge is DENIED;
2. The Clerk of the Court is directed to assign this action in its entirety to United States Magistrate Judge Gary S. Austin pursuant to Appendix A(k)(4) of the Local Rules, for all purposes within the meaning of 28 U.S.C. § 636(c), until such time as reassignment to a District Judge is required; and
3. The case number shall be 1:07-cv-01121-GSA-PC.

IT IS SO ORDERED.

**Dated:   May 26, 2010**              /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE