IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ( Doc. 53) |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER GRANTING REQUEST FOR LOCAL RULES AND DIRECTING CLERK TO SEND LOCAL RULES TO PLAINTIFF |
| Defendants. | |
| _____/ | |

**I.   BACKGROUND**

Howard Young ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on August 2, 2007.  (Doc. 1.)  This case now proceeds on plaintiff's second amended complaint filed August 31, 2009.  (Doc. 42.)

**II.   MOTION FOR APPOINTMENT OF COUNSEL**

On June 7, 2010, plaintiff filed a motion seeking the appointment of counsel.  (Doc. 53.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in

-1-

1 certain exceptional circumstances the court may request the voluntary assistance of counsel
2 pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

3   Without a reasonable method of securing and compensating counsel, the court will seek
4 volunteer counsel only in the most serious and exceptional cases.  In determining whether
5 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
6 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
7 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

8   In the present case, the court does not find the required exceptional circumstances.  Even
9 if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
10 which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
11 similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a
12 determination that plaintiff is likely to succeed on the merits, and based on a review of the record
13 in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.
14 Therefore, plaintiff's motion for appointment of counsel shall be denied, without prejudice.

### III.  REQUEST FOR COPY OF LOCAL RULES

16   Plaintiff also requests a copy of the court's Local Rules.  A complete copy of the Local
17 Rules should be available at plaintiff's prison library.  However, good cause appearing, plaintiff's
18 request shall be granted and the Clerk shall be directed to mail a copy of the Local Rules to
19 plaintiff.

### IV.  CONCLUSION

21   Based on the foregoing, IT IS HEREBY ORDERED that:
22  1. Plaintiff's motion for the appointment of counsel is DENIED, without prejudice;
23  2. Plaintiff's request for a copy of the Local Rules is GRANTED; and
24  3. The Clerk is DIRECTED to mail a copy of the court's Local Rules to plaintiff.
25 IT IS SO ORDERED.

26  **Dated:   June 11, 2010**   **/s/ Gary S. Austin**
            UNITED STATES MAGISTRATE JUDGE