# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RETURN OF PROPERTY |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc 43.) |
| Defendants. | |

**I.   PROCEDURAL HISTORY**

Plaintiff, Howard Young ("plaintiff"), is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 2, 2007. (Doc. 1.) On August 15, 2007, plaintiff consented to Magistrate Judge jurisdiction, and no other parties have appeared in this action. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the Magistrate Judge shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 31, 2009, plaintiff filed the first amended complaint. (Doc. 9.) On March 5, 2009, the court dismissed the first amended complaint, with leave to amend. (Doc. 19.) On August 31, 2009, plaintiff filed the second amended complaint. (Doc. 42.) On June 21, 2010, the court

1

screened the second amended complaint and found only one cognizable claim, for retaliation against defendant Officer Barron. (Doc. 55.) Plaintiff has been granted leave to file a third amended complaint or to proceed on the claim found cognizable by the court. Id.

On October 1, 2009, plaintiff filed a motion for appointment of counsel and/or for a court order directing prison officials to return all of his personal property. (Doc. 43.) On December 10, 2009, plaintiff's motion for appointment of counsel was denied. (Doc. 47.) Plaintiff's motion for return of his personal property is now before the court.

## II.    INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008) (citations omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff requests a court order directing prison officials to return his personal and legal property. At this juncture, no other party has appeared in this action and the court does not have jurisdiction over any of the defendants. Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1984). Moreover, the order requested by plaintiff would not remedy the only claim presently found cognizable by the court, the retaliation claim against Officer Barron in the second amended complaint. Therefore, the court lacks jurisdiction to issue the order sought by plaintiff, and plaintiff's motion for return of his property must be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for return of his property, filed October 1, 2009, is DENIED.

IT IS SO ORDERED.

Dated:   **June 22, 2010**                     /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE