# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 61.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER RESOLVING MOTION FOR CLARIFICATION |
| Defendants. | ORDER DENYING MOTION FOR COPIES |

## I.   BACKGROUND

Howard Young ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 2, 2007. (Doc. 1.)

On June 21, 2010, the court issued an order requiring plaintiff to either (1) notify the court of his willingness to proceed only against defendant Barron on the retaliation claim, or (2) file a third amended complaint curing the deficiencies described by the court in the order, within thirty days.  (Doc. 55.)  On July 1, 2010, plaintiff filed a motion for reconsideration or clarification of the court's order.  (Doc. 61.)  Plaintiff also requests copies of his motions for his records.

## II.   MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.

1

1992). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff argues that he should be allowed to proceed with all of the claims in his second amended complaint. Plaintiff addresses each of his claims and argues that the court's findings in the June 21, 2010 screening order are erroneous and the claims should have been found cognizable. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Plaintiff is advised that his remedy is to file a third amended complaint, setting forth his claims and curing the deficiencies described by the court in the June 21, 2010 screening order. Therefore, the motion for reconsideration shall be denied, and no other motions for reconsideration of the June 21, 2010 order shall be considered.

**III.    MOTION FOR CLARIFICATION**

Plaintiff also requests further clarification of the court's June 21, 2010 screening order. However, plaintiff has not explained how the court's order is unclear. Plaintiff is advised to review the order as to each claim and comply with the order by either (1) notifying the court he is willing to proceed only on the claim found cognizable by the court, against defendant Barron for retaliation, or (2) filing a third amended complaint curing the deficiencies described by the court in the order.

**IV.    MOTION FOR FREE COPIES**

Plaintiff also requests free copies of the motion for reconsideration and the motion for extension of time he filed on July 1, 2010. In forma pauperis status does not include the cost of copies, and the Clerk does not ordinarily provide free copies of documents to parties. Copies up

to 20 pages may be made by the Clerk's Office at this court upon request and prepayment of the copy fees.[1]  See 28 U.S.C.  § 1914(a).  Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.  Plaintiff has not shown good cause for the Clerk to provide him with copies of these motions without prepayment.  Therefore, plaintiff's motion for copies shall be denied.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration DENIED;
2. Plaintiff's motion for clarification is RESOLVED; and
3. Plaintiff's motion for copies is DENIED.

IT IS SO ORDERED.

Dated:   **July 12, 2010**                         **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Copies up to 20 pages may be made by the Clerk's Office at a charge of $.50 per page.  For larger copy orders, contact Attorney's Diversified Service by writing to them at 741 N. Fulton Street, Fresno, CA 93728, by phoning 1-800-842-2695, by faxing a request to 559-486-4119, or by leaving a voice mail at 559-259-8544.