# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND REQUIRING PLAINTIFF TO COMPLY WITH SECOND SCREENING ORDER WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| | (Doc. 68.) |
| Defendants. | |

**I.  BACKGROUND**

Plaintiff Howard Young is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint on August 2, 2007. (Doc. 1.) On August 15, 2007, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the Magistrate Judge shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 31, 2007, Plaintiff filed the First Amended Complaint. (Doc. 9.) On March 5, 2009, the Court screened the First Amended Complaint and issued a Screening Order requiring Plaintiff to either file a Second Amended Complaint or notify the court of his willingness to proceed

on the claim found cognizable by the Court, within thirty days. (Doc. 19.) On March 19, 2009, Plaintiff objected to the Screening Order and filed a motion to proceed with service of the First Amended Complaint. (Docs. 20, 22.) On April 24, 2009, the Court denied Plaintiff's motion for service and ordered him to comply with the Screening Order within thirty days. (Doc. 26.) On May 4, 2009, Plaintiff objected to the Screening Order and again requested service of process. (Doc. 27.) On June 12, 2009, the Court denied service and again ordered Plaintiff to comply with the Screening Order within thirty days. (Doc. 33.) After requesting an extension of time, Plaintiff filed the Second Amended Complaint on August 31, 2009. (Doc. 42.)

On June 21, 2010, the Court issued a Second Screening Order, requiring Plaintiff to either file a Third Amended Complaint or notify the Court that he is willing to proceed on the claim found cognizable by the Court. (Doc. 55.) On July 1, 2010, Plaintiff filed a motion for reconsideration of the Second Screening Order, and on July 2, 2010, Plaintiff filed a Notice of Appeal which was forwarded to the Ninth Circuit. (Docs. 61, 62.) On July 12, 2010, the Court denied Plaintiff's motion for reconsideration. (Doc. 63.) On August 12, 2010, Plaintiff filed another motion for reconsideration of the Second Screening Order, pursuant to Rule 60(b), which is now before the Court.[1] (Doc. 68.)

**II.    RULE 60(b) AND RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

---

[1] Federal Rule of Civil Procedure 72(a), which provides that the district judge must consider timely objections to the magistrate judge's order, is not applicable. This is a consent case, and therefore, Plaintiff is not entitled to have his objections reviewed by a district judge. Appendix A(k)(4) of the Local Rules of the Eastern District of California.

1     "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's screening decision and the Court's application of the law to his Second Amended Complaint. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

### III.    CONCLUSION

Plaintiff's motion is HEREBY DENIED, with prejudice, and Plaintiff is required to comply with the Second Screening Order which was issued on June 21, 2010, within **thirty (30) days** from the date of service of this order, or this action will be dismissed with prejudice for failure to state any claims for relief under section 1983.

IT IS SO ORDERED.

Dated:    **August 26, 2010**                        /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE