# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED, DISMISSING THIS ACTION |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 90.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN TWENTY (20) DAYS |
| _____/ | |

I.    **BACKGROUND**

       Howard Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 2, 2007. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed by Plaintiff on August 31, 2009, against only one defendant, Correctional Officer Barron ("Defendant"), for retaliation against Plaintiff in violation of the First Amendment.[1] (Doc. 42.)

       On May 23, 2011, Defendant filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 90.) On June 27, 2011, Plaintiff filed an opposition to the motion.[2] (Doc. 96.) On July 1, 2011, Defendant filed a reply to Plaintiff's opposition. (Doc. 97.) Defendant's motion to dismiss is now before the Court.

---

[1]On September 28, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 75.)

[2]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 4, 2011. Wyatt, 315 F.3d at 1120 n.14; Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Doc. 89.)

1    **II.     STATUTORY EXHAUSTION REQUIREMENT**

2              Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall

3    be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

4    a prisoner confined in any jail, prison, or other correctional facility until such administrative

5    remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust

6    the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127

7    S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

8    Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief

9    offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the

10   exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S.

11   516, 532, 122 S.Ct. 983 (2002).

12             Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

13   defense under which Defendant has the burden of raising and proving the absence of exhaustion.

14   Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to

15   exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated

16   Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza

17   v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

18   In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

19   beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

20   concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

21   dismissal without prejudice.  Id.

22   **III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**[3]

23             At the time of the events at issue, Plaintiff was a state prisoner at the California Substance

24   Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, and defendant Barron

25   was a Correctional Officer working at SATF.

26   ///

27

28        [3]This summary contains Plaintiff's allegations against defendant Barron from the Second Amended
     Complaint, and background information, upon which Plaintiff's retaliation claim is based and upon which this action
     now proceeds.

1   Plaintiff alleges as follows.  On May 29, 2007, in retaliation for Plaintiff filing an inmate

2   grievance, Officer Barron removed Plaintiff from his cell and then removed all of Plaintiff's personal

3   property, including legal materials, religious books, prescription eyeglasses, personal hygiene items,

4   and stationery supplies.

5   Beginning on May 30, 2007, Plaintiff filed several prison appeals for return of his property.

6   On July 4, 2007, Officer Barron was interviewed regarding Plaintiff's appeals and said, in retaliation,

7   that Plaintiff tensed his muscles and jerked away from him while being escorted to another cell,

8   which was not true and is not an Administrative Segregation ("Ad-Seg") offense.  Plaintiff was then

9   issued a Rules Violation report and rehoused in the Ad-Seg Unit, based on Officer Barron's

10  testimony, for "present[ing] an immediate threat to the safety of self or others" and "endanger[ing]

11  institution security."   Officer Barron enforced an illegal double-celling regulation and placed

12  Plaintiff with a cell mate.  On July 25, 2007, Plaintiff was released from Ad-Seg after twenty-one

13  days.  Plaintiff requests monetary damages.

14  **IV.    MOTION TO DISMISS FOR FAILURE TO EXHAUST**

15  The Court takes judicial notice of the fact that the California Department of Corrections and

16  Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code

17  Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at §

18  3084.2(a).  Appeals must be submitted within fifteen working days of the event being appealed, and

19  the process is initiated by submission of the appeal to the informal level, or in some circumstances,

20  the first formal level.  Id. at §§ 3084.5, 3084.6(c).  Four levels of appeal are involved, including the

21  informal level, first formal level, second formal level, and third formal level, also known as the

22  "Director's Level."  Id. at § 3084.5.  In order to satisfy § 1997e(a), California state prisoners are

23  required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S.

24  81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

25  ***Defendant's Motion***

26  Defendant argues that this action should be dismissed because Plaintiff failed to exhaust his

27  administrative remedies before filing suit on August 2, 2007.  Defendant submits evidence that

28  Plaintiff filed two prison appeals concerning his allegations against Defendant, but that neither

3

1  appeal was exhausted before Plaintiff filed the complaint initiating this action on August suit.  On

2  May 23, 3007, Plaintiff submitted a prison appeal complaining that he was sent to the administrative

3  segregation unit on May 19, 2007, and that Officer Barron had removed his belongings from his cell

4  but that a number of items were missing.  (Second Amended Complaint at 48.)  This appeal was

5  assigned a log number of CSPC-2-07-02756.  Id.  In subsequent documents submitted by Plaintiff

6  regarding this appeal, he complained that, on May 29, 2007, Officer Barron responded to the appeal

7  and took all his property.  Id. at 50.  Plaintiff then alleged in his appeal that Officer Barron "retaliated

8  against me on July 4, 2007 ... by manufacturing charges to rehouse me."  Id. at 54.  Plaintiff goes on

9  to allege in his appeal that "[o]n July 4, 2007, C/O Barron lied on me, after forging a document ...

10  and again had me sent to ad seg.  The allegations are not ad seg violations but Lt. Kavanaugh still

11  has me sent to ad seg anyway."  Id. at 57. This inmate appeal was eventually denied at the third level

12  of review on November 17, 2007.  Id. at 22.

13      Defendant also submits evidence that Plaintiff submitted another appeal regarding property

14  issues that was received for review on August 15, 2007 and assigned log number CSPC-2-07-03679.

15  Id. at 23.  In this appeal, Plaintiff alleged that all of his property was wrongly taken from him on May

16  29, 2007 and again on July 4, 2007.  Id. at 70.  This appeal was granted at the first level of review

17  on August 25, 2007.  Id.

18      ***Plaintiff's Opposition***

19      In opposition, Plaintiff argues that he did exhaust his remedies, because he completed the

20  appeals process in appeals CSPC-2-07-02756 and CSPC-2-07-03679 before he filed the Second

21  Amended Complaint.  Plaintiff acknowledges that the appeals were not completed before he filed

22  the Complaint commencing this action on August 2, 2007.  However, he argues that under Rhodes

23  v. Robinson, 621 F.3d 1102 (9th Cir. 2010), the Second Amended Complaint is the functional

24  equivalent of filing a new complaint, and it is only at that time that it becomes necessary to have

25  exhausted all of the administrative remedies.  (Opp'n, Doc. 96 at 2.)  Plaintiff contends that because

26  "[a]s a general rule, the amended complaint supercedes the Original [complaint and] the latter [is]

27  treated thereafter as non-existent," then his Second Amended Complaint is the functional equivalent

28  of a new complaint, and he exhausted his remedies before filing the new complaint.  Id.

### *Defendant's Reply*

Defendant replies that <u>Rhodes</u> is clearly distinguishable from this case because unlike in <u>Rhodes</u>, Plaintiff's second amended complaint did not add allegations regarding events that had not yet taken place at the time of his initial complaint.  Defendant argues that because Plaintiff's claims in the second amended complaint were all capable of being exhausted before the initial complaint was filed, <u>Rhodes</u> does not allow Plaintiff to exhaust his claims after the initial complaint was filed. Defendant argues that "to allow Plaintiff to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule of <u>McKinney</u>[4] and <u>Vaden</u>[5] 'that a prisoner must exhaust his administrative remedies for the claims contained within his complaint before the complaint is tendered to the district court.' "  (Reply, Doc. 97 at 4 (quoting <u>Rhodes</u>, 621 F.3d at 1004-1005)).

### *Discussion*

There is no dispute that Plaintiff failed to exhaust his remedies, with respect to the allegations upon which this action proceeds, before filing the initial complaint in this action on August 2, 2007. The issue here is whether Plaintiff satisfied the PLRA's exhaustion requirement, pursuant to <u>Rhodes</u>, when he exhausted his remedies in this action after filing the initial Complaint, but before filing the Second Amended Complaint.

As discussed above,  prisoners are required to exhaust the available administrative remedies *prior to* filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (emphasis added).  Section 1997e(a) mandates that "[n]o action shall be *brought* ... until [the prisoner's] administrative remedies ... are exhausted," 42 U.S.C. § 1997e(a), and "requires that a prisoner exhaust administrative remedies *before submitting any papers* to the federal courts,"  <u>Vaden v. Summerhill</u>, 449 F.3d 1047 (9th Cir. 2006) (emphasis added).

In <u>Rhodes v, Robinson</u>, the Ninth Circuit made an exception to the general rule, based on the circumstances in Rhodes' case.  On January 4, 2001, Kavin M. Rhodes, a prisoner proceeding pro

---

[4]<u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

[5]<u>Vaden v. Summerhill</u>, 449 F.3d 1047 (9th Cir. 2006).

se, filed a civil rights action pursuant to 42 U.S.C. § 1983 against prison guards for retaliating against him in violation of the First Amendment. <u>Rhodes v. Robinson</u>, 621 F.3d. 1002, 1003 (9th Cir. 2010). On March 20, 2006, Rhodes filed a second amended complaint ("SAC") adding new claims "alleg[ing] that the same defendant guards perpetrated new retaliatory acts against him between January 2, 2002, and November 15, 2003." <u>Id.</u> In the SAC, Rhodes alleged "that he had completed the grievance process available at [the prison] concerning the facts relating to the new claims alleged in the SAC." <u>Id.</u> at 1004. The district court dismissed Rhodes' new claims based on his failure to exhaust administrative remedies before filing suit. The Ninth Circuit reversed the district court's dismissal, holding that "Rhodes' SAC was, in fact, a supplemental complaint, regardless of the label attached to it by the *pro se* prisoner-plaintiff, permitted under Federal Rule of Civil Procedure 15(d) because [the new] claims arose *after* the initial complaint was filed," and the district court had improperly dismissed Rhodes' new claims.[6] <u>Id.</u> at 1007. The court found that Rhodes was in compliance with § 1997e(a) if he exhausted his remedies for the new claims prior to filing the SAC.

Plaintiff's reliance on <u>Rhodes</u> is misplaced, because the facts in <u>Rhodes</u> are distinguishable from the facts in Plaintiff's case. Unlike in <u>Rhodes</u>, Plaintiff's Second Amended Complaint was not a supplemental complaint, because Plaintiff did not bring new claims in the Second Amended Complaint against defendant Barron which arose *after* the initial complaint was filed. All of Plaintiff's claims against defendant Barron in the Second Amended Complaint arose before the initial complaint was filed. Therefore, under § 1997e(a), Plaintiff was required to exhaust his administrative remedies, for the allegations in the Second Amended Complaint upon which this case proceeds, prior to the filing of the initial complaint. Evidence shows that Plaintiff failed to exhaust his remedies, with respect to the allegations upon which this case proceeds, before August 2, 2007, the date he filed the initial complaint in this action.[7]

---

[6]Rule 15(d) provides, in part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added).

[7]The Court has reviewed Plaintiff's initial Complaint, First Amended Complaint, and Second Amended Complaint and finds no further evidence proving exhaustion. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. Plaintiff signed the three complaints in this action under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his three verified complaints and their

1   Based on the foregoing, the Court finds that Plaintiff failed to comply with the CDCR's

2   procedural rules to complete the appeals process before filing suit, and he did not otherwise satisfy

3   the exhaustion requirement under § 1997e(a) before filing this lawsuit.  Therefore, the Court finds

4   that Defendant is entitled to dismissal of this action.

5   **V.      CONCLUSION AND RECOMMENDATION**

6   Defendant has met his burden of demonstrating that Plaintiff failed to exhaust his

7   administrative remedies prior to filing suit, in compliance with § 1997e(a).  Defendant has shown

8   an absence in the official records of any evidence that Plaintiff exhausted his remedies by an inmate

9   appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning

10  Plaintiff's allegations in the complaint against Defendant in this action.  Plaintiff has not submitted

11  evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence

12  that he exhausted all of the remedies available to him.  Therefore, the Court HEREBY

13  RECOMMENDS that Defendant's motion to dismiss, filed on May 23, 2011, be GRANTED,

14  dismissing this action.

15  These Findings and Recommendations will be submitted to the United States District Court

16  Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within

17  **TWENTY (20) days** after being served with a copy of these Findings and Recommendations, any

18  party may file written objections with the Court and serve a copy on all parties.  Such a document

19  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

20  parties are advised that failure to file objections within the specified time may waive the right to

21  appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22

23  IT IS SO ORDERED.

24  **Dated:      March 2, 2012              /s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

25

26

27

28

accompanying exhibits.