IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 103.) |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 90.) |
| Defendants. | ORDER DISMISSING ACTION AND FOR DENYING PENDING MOTIONS AS MOOT |

Howard Young ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 2, 2012, findings and recommendations were entered, recommending that this action be dismissed based on Plaintiff's failure to exhaust administrative remedies before filing suit. On March 16, 2012, Plaintiff filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

1

1    As explained by the Magistrate Judge, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If the court concludes that the prisoner has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

In this action Plaintiff had not exhausted all administrative remedies when he filed the original complaint in this action. However, Plaintiff had exhausted his administrative remedies by the time Plaintiff filed his second amended complaint. Plaintiff contends that he properly exhausted before filing suit because the operative pleading – the second amended complaint – was filed after Plaintiff fully exhausted administrative remedies. Plaintiff relies on Rhodes v. Robinson, 621 F.3d 1002 (9th Cir 2010). In Rhodes the Ninth Circuit addressed the issue of whether an inmate must have administratively exhausted new claims raised in an amended complaint before he filed the original complaint. Id. at 1004. Rhodes specifically addressed the situation where "a prisoner is filing an amended complaint based on new conduct" that arose after the original complaint. Id. Reasoning that "when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent,' " id. at 1005 (citation omitted), the Ninth Circuit found that new claims that arise after the filing of the original complaint can be brought by amended complaint so long as the new claims were exhausted before filing of the amended complaint, id. at 1007.

Rhodes concerned the filing of a supplement complaint. Rule 15(d) of the Federal Rules of Civil Procedure provides a mechanism for parties to file additional causes of action based on facts that did not exist when the original complaint was filed. A complaint that contains new claims that occurred prior to the filing of the original complaint cannot be brought as supplemental pleadings under Rule 15(d). Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010).

2

1    The court agrees with the Magistrate Judge that Rhodes does not apply to this action because
2 Plaintiff's second amended complaint contains only additional allegations concerning the same
3 events raised in the original complaint and the amended complaint does not contain new claims.
4 See, e.g., Crayton v. Hedgpeth, 2011 WL 1988450, at *8 (E.D.Cal. 2011); Parthemore v. Martel,
5 2011 WL 703662, at *4 (E.D.Cal. Cal. 2011).   Thus, dismissal is warranted.
6    Citing Hemphill v. New York, 380 F.3d 680 (2nd Cir. 2004), Plaintiff contends in his
7 objections that any exhaustion requirement should be excused because Defendant Barron interfered
8 with Plaintiff's exhaustion of administrative remedies.   In Hemphill, the plaintiff contended that he
9 did not exhaust administrative remedies because guards threatened him in order to dissuade him
10 from filing a grievance about earlier mistreatment.   Id. at 684.   The Second Circuit held that "[t]he
11 test for deciding whether the ordinary grievance procedures were available must be an objective one:
12 that is, would a similarly situated individual of ordinary firmness have deemed them available." Id.
13 at 688 (internal cites omitted).       The Ninth Circuit has also held that an inmate's failure to
14 exhaust administrative remedies may be excused where "circumstances render administrative
15 remedies effectively unavailable." Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010).   However,
16 in this case, the court finds that Plaintiff has not provided sufficient evidence to show that a similarly
17 situated person would not have utilized the administrative procedures because of Defendant Barron's
18 interference.   Other than vague allegations in the objections Plaintiff has provided no evidence, such
19 as a declaration, to show Defendant Barron's conduct rendered the administrative process
20 unavailable.   Unsupported arguments do not constitute evidence. See Moran v. Selig, 447 F.3d 748,
21 759 (9th Cir. 2006) (stating that complaint could not be considered  because it was unverified);
22 Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir.1987) (recitation of unsworn
23 facts not evidence).   At best, the documents attached to the second amended complaint show
24 Defendant Barron was involved with some of Plaintiff's administrative appeals and some appeals
25 were slightly delayed.   This is insufficient to find the administrative process was unavailable and
26 excuse exhaustion.   Thus, the objections do not provide a basis to not adopt the findings and
27 recomendations.
28

//

//

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on March 2, 2012, are ADOPTED in full;
2. Defendant's motion to dismiss, filed on May 23, 2011, is GRANTED;
3. This action is DISMISSED, without prejudice, based on Plaintiff's failure to exhaust administrative remedies before filing suit;
4. All pending motions are denied as moot; and
5. The Clerk of Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   March 29, 2012

CHIEF UNITED STATES DISTRICT JUDGE