# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, | 1:07-cv-01121-AWI-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 107.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

**I. BACKGROUND**

Howard Young ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2012, this action was dismissed, based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 105.) On April 18, 2012, Plaintiff filed a motion for reconsideration of the order dismissing this action. (Doc. 107.) On April 24, 2012, defendant Barron filed an opposition. (Doc. 108.)

**II. MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Court should reconsider its decision because the Court failed to consider Plaintiff's evidence in the original Complaint that prison staff hindered his appeals by either not answering, disregarding and not responding to the issue(s), or dismissing the appeal for technicalities not part of the Dismissal-Rejection Criteria, and/or not responding in the time constraints. (Complaint, Doc. 1 at 2 ¶II.C.) Plaintiff argues that because some of his appeals were not responded to within the time constraints required by the appeals process, his case should not have been dismissed for failure to exhaust remedies.

Defendant argues that Plaintiff's motion should be denied because he is largely re-hashing an argument he already asserted in his objections to the findings and recommendations and was previously addressed by the Court. Defendant argues that Plaintiff had remedies available to him which he failed to exhaust until after he filed suit.

Even if prison officials sometimes failed to meet the time constraints required in processing appeals, Plaintiff has not shown that he exhausted all of the remedies available to him before he filed suit. Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Evidence shows that Plaintiff's request for review of his Appeal

07-2756[1] at the Second Level of Review was received by prison officials on August 1, 2007, and yet Plaintiff filed suit on August 2, 2007 without waiting for a response. (Second Amended Complaint, Doc. 42 at 22 (Exh. A.))

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 18, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   June 13, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Appeal 07-2756 mentioned retaliation by C/O Barron, the claim upon which Plaintiff proceeded in this action. (Second Amended Complaint, Doc. 42 at 54 (Exh. B.))